BOARD OF EDUCATION OF THE CITY OF UNION CITY, IN THE COUNTY OF HUDSON, A BODY CORPORATE OF THE STATE OF NEW JERSEY, *ET AL.*, PLAINTIFFS, v. THE CITY OF UNION CITY IN THE COUNTY OF HUDSON, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 3, 1970.

494

*Mr. Scipio L. Africano,* attorney for plaintiffs.

*Mr. Victor P. Mullica,* attorney for defendants.

LARNER, A. J. S. C.   This action in lieu of prerogative writs is brought by the Board of Education of the City of Union City and its architect, Joseph D. Lugosch, to prevent the investigating committee of the board of commissioners from inquiring into the conduct of the Board of Education of that city, and to quash the subpoena issued to Lugosch to testify and produce certain records before the committee. The applicable statute and resolution are those considered by this court in the companion case of *Board of Trustees of Free Public Library v. City of Union City,* 112 *N. J. Super.* 484 argued at the same time and decided this day. *N. J. S. A.* 40 :48–25 *et seq.* and 2A :67A–1 *et seq.* (Docket No. C130–70).

Plaintiffs herein rely upon the autonomous characteristics of the board of education in support of their position, pointing out that a board of education is an independent corporate entity which manages the operation of the school system substantially free of control by the local governing body. *N. J. S. A.* 18A :10–1; 18A :11–1 *et seq.; Botkin v. Mayor, etc.,*

*Westwood,* 52 *N. J. Super.* 416 (App. Div. 1958), app. dism. on other grounds 28 *N. J.* 218 (1958); *Gualano v. Board of School Estimate, Elizabeth,* 39 *N. J.* 300, 303 (1963); *Board of Education East Brunswick v. Township Council,* 48 *N. J.* 94, 108 (1966).

Despite the autonomous character of the board of education in the management and conduct of the school system, there are nevertheless certain areas of interdependence between the board and the governing body of the city.

The Board of Education of Union City is a Type I school district governed by *N. J. S. A.* 18A:12–5 *et seq.* (formerly 18:6–1 *et seq.*), with its members appointed by the mayor of the city. *N. J. S. A.* 18A:12–7 (formerly 18:6–4). There is a Board of School Estimate, composed of two members of the Board of Education, two members of the governing body and the mayor, which passes on the school budget and fixes the amount of the necessary appropriation to be submitted to the governing body. *N. J. S. A.* 18A:22–1. The governing body must appropriate the amount certified by the Board of School Estimate up to a maximum of 1½% of the assessed valuation of property in the municipality. *N. J. S. A.* 18A:22–15.

In connection with capital projects, the Board of School Estimate also determines the amount necessary, and the governing body, subject to certain limitations, is required to appropriate the amount so certified either from its general funds or through the issuance of municipal bonds. *N. J. S. A.* 18A:22–19 and 20. A bond issue for school purposes must be authorized by ordinance adopted by the board of commissioners of the city and, under certain circumstances, by the voters of the municipality. *N. J. S. A.* 18A:24–20 to 29.

All moneys necessary for school purposes must be provided by the city through local taxation.

As a consequence, there are sufficient areas of mutual relationship between the two bodies to demonstrate that the activities of the Board of Education of Union City, includ-

ing cost, efficiency and performance of the school system, are a matter of legitimate interest to the governing body of the city so as to justify the inquiry by its investigating committee. See dissenting opinion in *Botkin v. Mayor, etc., Westwood,* 52 *N. J. Super.* 416, 437 (App. Div. 1958); *Hackensack Bd. of Education v. Hackensack,* 63 *N. J. Super.* 560 (App. Div. 1960). The rationale articulated in *Board of Trustees of Free Public Library v. City of Union City, supra,* is equally applicable and dispositive of the plaintiffs' contentions herein.

The subject is manifestly within the jurisdiction of the governing body, in the sense of the latter's legitimate interest in the business of the Board of Education for the purpose of performing its statutory functions *vis-à-vis* the school system. Consequently, the inquiry into the operation of the Board of Education is properly within the jurisdiction of the investigating committee, and the Board's architect and employee Lugosch, is subject to its subpoena.

Judgment will be entered in favor of defendants dismissing the complaint and directing plaintiff, Lugosch, to testify and produce records in his possession pursuant to the subpoena heretofore served upon him at a time to be determined by the investigating committee.